UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KRISTEN MARIE GULDI,

                        Plaintiff,

             -against-                       **REPORT AND RECOMMENDATION**
                                                                                 CV 23-1354 (GRB) (ARL)

JAMES N. FALLER, ANDREW B. MESSITE,
LOUIS DEJOY, LEON J. ADLER and ANTHONY
CANNATARO,

                       Defendants.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The pro se plaintiff, Kristen Marie Guldi ("Guldi"), commenced this action on November 16, 2022, in the Supreme Court of the State of New York, County of Suffolk, against the defendants, James N. Faller ("Faller"), Andrew B. Messite ("Messite"), Louis DeJoy ("DeJoy"), Leon J. Adler ("Adler"), and Anthony Cannataro,[1] seeking to recover real property located at 970 North Sea Road, Southampton, New York 11968 and for compensatory damages for the alleged destruction of her personal belongings during an eviction process. On February 16, 2023, Faller and Messite filed a motion to dismiss the complaint pursuant to CPLR §§ 3211(a)(5) and (7) in the state court. On February 21, 2023, the defendant DeJoy removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1).

      On March 15, 2023, counsel for DeJoy filed a premotion conference letter regarding their anticipated motion to dismiss the complaint as to DeJoy for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The following day, District Judge

---

[1] The defendants Leon J. Adler and Anthony Cannataro have not appeared and it is not clear if they were properly served.

Brown referred the premotion conference letter and any dispositive motions to the undersigned for a Report and Recommendation. On November 10, 2023, DeJoy filed his motion to dismiss the complaint. That same day, the defendants Faller and Messite also re-filed their motion to dismiss.

## BACKGROUND

### A.      The Parties

Guldi is a resident of Southampton, New York and the executrix of her father's estate, which included property located at 970 North Sea Road, Southampton, New York 11968 (the "property").[2] Guldi contends that on August 24, 2022, she was wrongfully and "forcefully removed" from the property "by armed individuals under threat of arrest pursuant to a holdover petition" as a result of a warrant of eviction issued on April 19, 2022.

Faller and Messite are attorneys from the firm Reed Smith, LLP, who acted on behalf of non-parties Wells Fargo Bank, N.A. ("Wells Fargo") and the Federal National Mortgage Association ("Fannie Mae") in the underlying foreclosure action. DeJoy is the Postmaster General of the United States Postal Service ("USPS").

### B.      The Underlying Foreclosure Action and Collateral Proceedings

On May 9, 2012, non-party Wells Fargo commenced a foreclosure action against Guldi's father in the Supreme Court of the State of New York, County of Suffolk, under index number 14505/2012 (the "foreclosure action"), seeking to foreclose on the property. Murphy Decl. Ex.

---

[2] The facts in this section were drawn from the complaint and are accepted as true for the purposes of evaluating the defendants' motions to dismiss. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The Court will not, however, provide citation to the complaint since the allegations were not set forth in separate paragraphs. Instead, the undersigned refers the District Judge to the entire complaint annexed to the Austin Declaration as Exhibit A.

2

1.[3]  On June 11, 2012, Guldi's father, Gregory Guldi, appeared in the foreclosure action by filing an answer with one counterclaim.  *Id.* Ex. 2.  Wells Fargo filed its response to Gregory Guldi's answer, and on March 12, 2014, moved for summary judgment.  *Id.* Exs. 3, 4.  Wells Fargo's motion for summary judgment included a request to amend the caption of the foreclosure action to replace an initially named "JOHN DOE" with Guldi and Gregory Guldi Jr.  *Id.* Ex. 4.  On September 12, 2016, Judge Quinlan granted Wells Fargo's motion for summary judgment.  *Id*. Ex. 5.  On February 24, 2017, Wells Fargo then moved for a Judgment of Foreclosure and Sale.  Judge Quinlan granted the motion on May 9, 2017, and the Judgment of Foreclosure and Sale was entered on May 24, 2017.  *Id*. Ex. 6.

On July 10, 2017, Guldi filed an Order to Show Cause in the state foreclosure action seeking to stay the sale of the property due to Gregory Guldi's post judgment death on June 13, 2017.  *Id.* Ex. 7.  That motion was denied.  On August 8, 2017, the Surrogate Court of the State of New York, Suffolk County, then appointed Kathryn Showers ("Showers") as the Executor of the Estate of Gregory J. Guldi.  *Id.* Ex. 8.  Showers never appeared in the foreclosure action after her appointment as Executor.  Defs. Mem. at 3.

On May 3, 2018, a court-appointed referee transferred the property to Fannie Mae via a Referee's Deed of Sale recorded by the Suffolk County Clerk on May 25, 2018.  Murphy Decl. Ex. 9.  On March 4, 2019, Fannie Mae filed a Petition in the Southampton Justice Court under Index No. 19030233 (the "Eviction Action") to evict Guldi and all other occupants from the property.  Murphy Decl. Ex. 18.  The Southampton Justice Court entered a final judgment in the Eviction Action on March 11, 2019 in favor of Fannie Mae and awarded it possession of the property.  *Id.*  As a result, a judicial officer removed Guldi from the property.  *Id.*

---

[3] The public documents from the underlying foreclosure proceeding and the collateral actions are integral to the complaint and have, therefore, been considered by the Court.

3

Up to this point, no one at Reed Smith, including Faller and Messite, represented Wells Fargo or Fannie Mae with respect to their claims against Gregory Guldi or with respect to Guldi's motion in the foreclosure action. Defs. Mem. at 3. Nor were they involved in the eviction proceeding. *Id*.

In any case, more than one year after the sale of the property, on May 14, 2019, Guldi filed a complaint with the Supreme Court of the State of New York, County of Suffolk, bearing index number 609197/2019 (the "2019 action"), against Wells Fargo and Fannie Mae. *Id*. Ex. 10. Guldi's complaint in the 2019 action sought to compel Wells Fargo and Fannie Mae's acceptance of a purchase offer for the property, to obtain an award of $1,000,000.00 in monetary damages, to void the May 3, 2018 judicial sale of the property; and to stay Fannie Mae from evicting Guldi, who appears to have been residing at the property. *Id*. Reed Smith did represent Wells Fargo and Fannie Mae in the 2019 action and moved to dismiss the complaint. Defs. Mem. at 3. However, while Wells Fargo's and Fannie Mae's motion was pending, Guldi filed an amended complaint, which added a fifth cause of action for interest. Murphy Decl. Ex. 11. She also filed a Lis Pendens against the property. *Id*. Ex. 12.

Reed Smith then moved to dismiss the amended complaint on behalf of Wells Fargo and Fannie Mae, and on May 7, 2020, Judge Quinlan granted the motion to dismiss. *Id.* Ex. 13. In his order, Judge Quinlan also ordered the Clerk of the County of Suffolk to cancel the Lis Pendens filed by Guldi. *Id.*

Two years later, Guldi filed a second action in the Suffolk County Supreme Court bearing index number 606945/2021 (the "2021 Action"). *Id*. Ex. 14. Guldi's complaint in the 2021 Action raised nearly identical allegations that were dismissed in the 2019 Action. *Id*. On

June 17, 2022, the Honorable William J. Condon issued an Order granting Wells Fargo's and Fannie Mae's motion to dismiss Guldi's complaint, noting:

> Plaintiff's submissions in opposition to this motion [] comprise little more than self-serving complaints concerning real property 'rights' to which Plaintiff has no legal or equitable claims and which have already been litigated elsewhere in the underlying foreclosure, where judgment was obtained, the property sold and no appeal. No legally cognizable claims can be discerned from the Complaint, only displeasure with the fact that Plaintiff does not own the subject property.

*Id.* Ex. 15.

On May 24, 2022, Guldi then commenced a third action collaterally attacking the Judgment of Foreclosure and Sale. *Id.* Ex. 16. This time, she filed the complaint in the federal court. *See* 22-cv-03048-GRB-ARL, ECF No. 1. In the federal complaint, Guldi again asserted that she held an ownership interest in the property. Murphy Decl. Ex. 16. Guldi also sought an emergency temporary restraining order staying the scheduled eviction date. *Id*. In addition, for the first time, the complaint named Faller of Reed Smith as a defendant, and included an allegation that Faller had "harassed" her in the 2019 Action. Guldi's complaint also references several federal jurisdictional statutes, Acts of Congress relating to freedom of speech, and lists Greg Abbot, the governor of Texas, as a "party of interest." *Id*.

On May 25, 2022, District Judge Brown entered an order *sua sponte* dismissing the complaint. *Id*. Ex. 17. In that order, Judge Brown stated that "[w]hile the complaint cites a broad array of legal theories, it is devoid of any cognizable facts upon which this Court could grant relief . . .." *Id.* The Court also noted that "the complaint seems to be an effort by an unsuccessful state court litigant to relitigate matters before this Court, under the Rooker-Feldman doctrine . . .." *Id*. On June 1, 2022, Guldi filed a letter motion for reconsideration of the order dismissing the action. *See* 22-cv-03048-GRB-ARL, ECF No. 5. Judge Brown denied Guldi's

5

motion that same day. Undeterred, on June 21, 2022, Guldi filed an "Objection to Dismissal." ECF No. 6. The Court construed Guldi's Objection to Dismissal as a renewed motion for reconsideration and, once again, denied the application on June 27, 2022. By letter dated July 14, 2022, the Pro Se Department for the Court then sent Guldi a letter advising her that the Court would no longer accept further filings on her behalf in the case. ECF No. 7.

Unable to continue her pursuit in the 2022 federal case, Guldi commenced this action on November 16, 2022, against Faller, Messite, DeJoy, Adler and Cannataro. Faller and Messite appear to have been named because Guldi believes that they represented Fannie Mae in the underlying Eviction Action. Specifically, Guldi now alleges that she was removed from her home by armed individuals pursuant to a holdover petition that was filed by Faller in his capacity as counsel for Fannie Mae. Although none of the allegations in the complaint specifically refer to DeJoy, counsel for DeJoy assumes that DeJoy was named in the lawsuit because, read liberally, Guldi's complaint may assert a claim for negligent delivery of the mail. Non-answering defendant Adler is the Deputy Chief Clerk of the Suffolk County Supreme Court. Non-answering defendant, the Honorable Anthony Cannataro, is an Associate Judge of the Court of Appeals of the State of New York.

## DISCUSSION

### A. Standards of Review

### 1. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a federal court must dismiss a claim when it lacks jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when

6

the district court lacks the statutory or constitutional power to adjudicate it."). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of the evidence. *See Vailette v. Lindsay*, No. 11-cv-3610, 2014 WL 4101513, at *3 (E.D.N.Y. Aug. 18, 2014).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must assume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *C.K. v. Bd. of Educ. of the Westhampton Beach Sch. Dist.*, 185 F. Supp. 3d 317, 324 (E.D.N.Y. 2016). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In addition, in ruling upon a Rule 12(b)(1) motion alleging lack of subject matter jurisdiction, the factual presumption does not attach to jurisdictional allegations." *Arbitron, Inc. v. 3 Cities, Inc.,* 438 F. Supp. 2d 216, 217 (S.D.N.Y. 2006).

   2.   **Rule 12(b)(6)**

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient "to raise a right to relief above the speculative level." *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 162 (E.D.N.Y. 2010), aff'd, 446 F. App'x 360 (2d Cir. 2011) (citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010)). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual

7

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

"A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review 'to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" *Florimon v. Allstate Ins. Co.,* 616 F. Supp. 3d 180, 185 (D. Conn. 2022) (citing *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007)). However, "[w]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Nicosia v. Amazon.com, Inc.,* 834 F.3d 220, 230–31 (2d Cir. 2016). *Id.*

  **B.**  **DeJoy's Motion to Dismiss**

The United States has moved on DeJoy's behalf to dismiss the claims asserted against him pursuant to Rules 12(b)(1) and 12(b)(6). "'When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first.'" *Craig x. Saxon Mortg. Servs., Inc*., No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court, therefore, begins its analysis with DeJoy's jurisdictional arguments.

As indicated above, Guldi did not allege any factual basis for naming DeJoy as a defendant. But even if her intent, as the United States generously suggests, was to assert a claim for negligence in delivery of the mail, the United States has not waived its sovereign immunity for such a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401(b) and 2671-80, and therefore, the Court lacks jurisdiction. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486, 126 S. Ct. 1252, 1257, 163 L. Ed. 2d 1079 (2006).[4] Specifically, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Id.* (citing *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit")). "Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' the statute . . . provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service." *Id.* The FTCA then qualifies its waiver of sovereign immunity for thirteen categories of claims, including claims arising out of the negligent transmission of letters or postal matter. *Id.* As a consequence, DeJoy may not be liable for claims defined by this exception. *Id*; *see also Kuhner v. Montauk Post Off.*, No. 12-CV-2318 JFB GRB, 2013 WL 1343653, at *3 (E.D.N.Y. Apr. 4, 2013) (plaintiff's tort claim alleging negligence on the part of the Postal Service in mis-delivering his package is barred by

---

[4] Notwithstanding the liberal pleading standard afforded pro se litigants, "federal courts are courts of limited jurisdiction which thus requires a specific grant of jurisdiction." *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic,* 582 F.3d 393, 397 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also Allen v. Mattingly,* No. 10 CV 0667 (SJF)(ARL), 2011 U.S. Dist. LEXIS 34206, 2011 WL 1261103, at *5 (E.D.N.Y. Mar. 29, 2011) ("[f]ederal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction") (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

9

sovereign immunity and dismissed for lack of subject-matter jurisdiction). Accordingly, the undersigned respectfully recommends that DeJoy's motion to dismiss be granted.

### C. Faller's and Messite's Motion to Dismiss

The Court also finds that the complaint against Faller and Messite should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). It is clear from both the record, the Holdover Petition and the docket in the Eviction Proceeding, *see* Murphy Decl. Ex. 18 and ¶¶ 31-36, that Faller and Messite did not represent Fannie Mae in the underlying eviction proceeding and were not responsible for filing the holdover petition that resulted in Guldi's eviction.[5] As such, Faller and Messite correctly argue that even if Fannie Mae or the judicial officer charged with removing Guldi from the property was liable to her for misconduct relating to the eviction, there is no factual or legal basis for claims against Faller and Messite, who were not their agents and who cannot be held liable under any theories of vicarious liability. Accordingly, the undersigned recommends that the claims against Faller and Messite also be dismissed.

### OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL

---

[5] "The Federal Rules of Evidence permit courts to take judicial notice of facts that are 'not subject to reasonable dispute' because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc*., 638 F. Supp. 3d 333, 338 (S.D.N.Y. 2022), reconsideration denied, No. 22-CV-1138 (JGLC), 2023 WL 8440860 (S.D.N.Y. Oct. 16, 2023) (Fed. R. Evid. 201(b)). "Under that rule, a 'Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment.'" *Id*. (citing *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015)).

4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
June 4, 2024

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge